# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENISE CHAVEZ and MIGUEL R. LUNA, SR., <br><br> Plaintiffs, <br><br> v. <br><br> COUNTY COUNSEL, DEPARTMENTOF HUMAN SERVICES SYSTEM/CHILDREN AND FAMILY SERVICES (CFS), <br><br> Defendants. | Case No. 5:21-cv-01542-PA-AFM <br><br> **ORDER DISMISSING COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION** |

On September 10, 2021, plaintiffs Denise Chavez and Miguel R. Luna, Sr., proceeding *pro se*, filed a document entitled "Verified Show Cause of the Inferior [sic] Court's Personal Jurisdiction Over Plaintiff [sic] According to the United States Constitution Federal Law." (ECF No. 1; "Complaint".) In the caption of the Complaint, plaintiffs list as "respondents" an unspecified "County Counsel" and the "Department of Human Services System/Children and Family Services (CFS)." (*Id.* at 1.) The body of the Complaint does not list any defendants. On their Civil Cover Sheet, plaintiffs state that the nature of the suit is "Other Civil Rights." (ECF No. 1-

1.) The Court construes the Complaint as purporting to arise under 28 U.S.C. § 1983. Plaintiffs paid the full filing fee.

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stevedoring Servs. of Am., Inc. v. Eggert*, 953 F.2d 552, 554 (9th Cir. 1992). To support federal question jurisdiction under 28 U.S.C. § 1331, a plaintiff must present a federal question on the face of a complaint. *See Rivet v. Regions Bank*, 522 U.S. 470, 475 (1998); *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1086 (9th Cir. 2009) (for a federal court to exercise federal question jurisdiction under 28 U.S.C. § 1331, "the federal question must be disclosed upon the face of the complaint" (internal quotation marks omitted)). A "plaintiff bears the burden of proving" the existence of subject matter jurisdiction and "must allege facts, not mere legal conclusions" to invoke the court's jurisdiction. *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). "Absent a substantial federal question," a "district court lacks jurisdiction," and claims that are "wholly insubstantial" or "obviously frivolous" are insufficient to "raise a substantial federal question for jurisdictional purposes." *Shapiro v. McManus*, 577 U.S. 39, 45-46 (2015); *see also Denton v. Hernandez*, 504 U.S. 25, 31-33 (1992) (a claim lacks an "arguable basis in fact" "when the facts alleged rise to the level of the irrational or the wholly incredible").

A federal court has "an 'independent obligation' to assess whether it has jurisdiction" before proceeding to the merits of a case. *Johnson v. Guzman Chavez*, 141 S. Ct. 2271, 2292 (2021) (quoting *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006)); *see also Lance v. Coffman*, 549 U.S. 437, 439 (2007) ("Federal courts must determine that they have jurisdiction before proceeding to the merits."). The Court may dismiss a case summarily if the pleading presents an obvious jurisdictional issue.

*See, e.g., Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*, 336 F.3d 982, 985, 989 (9th Cir. 2003) (a court may dismiss *sua sponte* and without notice for lack of subject matter jurisdiction without violating due process).

Here, plaintiffs indicate on their Civil Cover Sheet that they and defendants are citizens of California (ECF No. 1-1), and the face of the pleading identifies plaintiffs as "of the People of California." (ECF No. 1 at 1.) Plaintiffs do not purport to allege diversity jurisdiction, and it appears clear that plaintiffs and all defendants are citizens of California. Accordingly, diversity jurisdiction under 28 U.S.C. § 1332 does not exist. Further, to the extent that plaintiffs are attempting to assert federal question jurisdiction under 28 U.S.C. § 1331, as set forth below, the face of the Complaint fails to present a substantial federal question over which the Court has jurisdiction.

In the Complaint, plaintiffs reference the Due Process Clause in a few places (ECF No. 1 at 3-4, 12-13), but they do not purport to raise any specific claims. Rather, plaintiffs use (and provide definitions for) numerous legal terms, cite general provisions of multiple federal statutes, and list numerous Supreme Court cases as well as various state and federal court decisions. Plaintiffs additionally copy sizable sections of various legal treatises into the pleading in no apparent order. This renders the pleading largely unintelligible. However, because plaintiffs are appearing *pro se*, the Court has construed the few factual allegations of the pleading liberally and afforded plaintiffs the benefit of any doubt. *See, e.g., Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

Plaintiffs indicate that they are acting herein "for the purpose of testing the sufficiency of the jurisdiction of the San Bernardino Juvenile Dependency Court." (*Id.* at 2.) Plaintiffs allege that "Respondent" deprived "petitioner [sic] of their unalienable right of due process," but no "Respondent" is alleged in the Complaint to have taken any action. (*Id.* at 3-4.) Plaintiffs seek to have "said court to [sic] cease and desist from all actions against petitioner [sic] and restore the petitioner [sic] to

their original state." (*Id.* at 4, 10.) Once again, plaintiffs fail to allege what "actions" they are challenging, and they do not allege that any individual caused the harm that they seek to have the "said court" or "inferior court" "cease and desist from." Attached to the pleading is a document entitled "Superior Court of California, County of San Bernardino, Detention Report," which is dated January 14, 2021. (*Id.* at 16.) In this report, it is recommended that the Superior Court remove several children from their parents, who have the same names as plaintiffs in this action. (*Id.* at 16, 30.)

To the extent the allegations in the pleading are not unintelligible or obviously frivolous, plaintiffs appear to be asking this Court to review and reject prior decisions of the San Bernardino Superior Court. Specifically, it appears that plaintiffs are attempting to challenge or appeal the decisions of the state court regarding the removal of their children from their custody. Pursuant to the *Rooker-Feldman* doctrine, however, federal district courts may exercise only original jurisdiction; they may not exercise appellate jurisdiction over state court decisions. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). Review of state court decisions may be conducted only by the United States Supreme Court. *See Feldman*, 460 U.S. at 476, 486; *Rooker*, 263 U.S. at 416; *see also* 28 U.S.C. § 1257. Thus, this Court lacks jurisdiction over plaintiffs' claims because they appear to be "state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Further, the *Rooker-Feldman* doctrine bars any federal constitutional challenges that plaintiffs are raising herein because those claims seek to "disrupt or 'undo' a prior state-court judgment, regardless of whether the state-court proceeding afforded [plaintiffs] a full and fair opportunity to litigate [their] claims." *Bianchi v. Rylaarsdam*, 334 F.3d 895, 901 (9th Cir. 2003) (some internal quotation marks

omitted); *see also Cooper v. Ramos*, 704 F.3d 772, 782 (9th Cir. 2012) (*Rooker-Feldman* also applies where federal adjudication of an issue "would impermissibly undercut the state ruling on the same issues" (internal quotation marks omitted)).

Accordingly, the Court finds that plaintiffs have failed to meet their burden of showing the existence of subject matter jurisdiction for this action. Plaintiffs' allegations impermissibly seek to "undercut" prior judgments of a state court, lack an arguable basis in law, or are wholly insubstantial or frivolous. As a result, the pleading fails to "raise a substantial federal question for jurisdictional purposes," and the Court finds that it lacks subject matter jurisdiction over this action. *Shapiro*, 577 U.S. at 45-46; *Denton*, 504 U.S. at 32-33.

**IT THEREFORE IS ORDERED** that the Complaint is dismissed without prejudice for lack of subject matter jurisdiction.

DATED: September 22, 2021

_____
PERCY ANDERSON
UNITED STATES DISTRICT JUDGE